UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| GEORGE ZIMMERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>PETE BUTTIGIEG and ELIZABETH WARREN,<br><br>    Defendants. | Case No. 8:20-cv-1077-T-36CPT<br><br>**Unopposed Motion of Defendants for Extension of Time to Respond to Plaintiff's Complaint (Doc. 1-1)**<br><br>**(and Incorporated Memorandum of Law)** |

Pursuant to Rule 6(b)(1), Federal Rules of Civil Procedure, Defendants Pete Buttigieg ("Defendant Buttigieg") and Elizabeth Warren ("Defendant Warren") respectfully request that the Court extend Defendants' deadline to respond to Plaintiff's Complaint (Doc. 1-1), and as grounds therefor state:

1. On April 8, 2020, Defendant Warren first received a copy of a Summons and the Complaint. On April 10, 2020, Defendant Buttigieg first received a copy of a Summons and the Complaint.

2. Prior to removal of the case to this Court, counsel for Defendants requested and Plaintiff's counsel agreed to an extension until May 29, 2020 for Defendants to respond to the Complaint.

3. Because this case has been removed to this Court and more than 21 days have passed from when Defendants first received a copy of the Complaint through service or otherwise, Rule 81 of the Federal Rules of Civil Procedure provides a response deadline of 7 days after the notice of removal is filed – that is, May 15, 2020. *See* FED. R. CIV. P. 81(c)(2)(C).

4. In reliance on Plaintiff's agreement to extend the response deadline, and due to the press of other matters and business interruption associated with COVID-19 related restrictions, counsel for Defendants require additional time to prepare a response to Plaintiff's Complaint.

5. Defendants file the instant motion in good faith and not for the purpose of delay. Moreover, the requested extension has been filed before the expiration of the existing due date for Defendants to file their response and it will not affect any other deadlines or prejudice Plaintiff.

6. Plaintiff does not oppose the requested extension.

7. In light of the foregoing, and as discussed further below, Defendants respectfully request that the Court enter an order granting their instant motion and allowing Defendants a brief, two-week extension – up through and including Friday, May 29, 2020 – to file their response to Plaintiff's Complaint.

**INCORPORATED MEMORANDUM OF LAW**

The Court, for good cause shown, may enlarge the time prescribed by the Federal Rules of Civil Procedure for the doing of any act required or allowed by the Federal Rules of Civil Procedure. FED. R. CIV. P. 6(b)(1); *Lujan v. Nat'l Wildlife Fed'n*, 1497 U.S. 871, 897 n.5 (1990). Requests for enlargements of time should generally be granted when a party demonstrates a reasonable basis for the request. *See, e.g., Beaufort Concrete Co. v. Atl. States Constr. Co.*, 352 F.2d 460 (5th Cir. 1965); *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985, 2010 WL 743834, at *2-*3 (M.D. Fla. Feb. 26, 2010). While District Courts promote the efficient administration of justice through proper adherence to their scheduling orders and

applicable rules of procedure, this Court has typically "always been receptive to motions for enlargement of time before deadlines pass based on the good cause standard. . . ." *Landis v. Direct Wireless Enters., Inc.*, No. 6:08-cv-1603, 2009 WL 2605074, at *5 n.7 (M.D. Fla. June 10, 2009).

Defendants have good cause for their requested extension of time to respond to Plaintiff's Complaint. "'Good cause' is a mutable standard, varying from situation to situation. . . ." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citations and quotations omitted). Here, Defendants and their counsel need additional time to prepare a fulsome and detailed response to Plaintiff's Complaint. Furthermore, Plaintiff will not be prejudiced by this unopposed request for an extension of time and the request will not affect any other deadlines.

**WHEREFORE**, Defendants Pete Buttigieg and Elizabeth Warren respectfully request that the Court enter an order granting an extension of time – up through and including Friday, May 29, 2020 – to respond to Plaintiff's Complaint (Doc. 1-1).

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), undersigned counsel for Defendants conferred with Plaintiff's counsel, and received authorization to report that Plaintiff does not object to the requested extension.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on May 13, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

| | |
|---|---|
| Dated: May 13, 2020 | /s/ Frederick S. Wermuth |
| | Frederick S. Wermuth |
| | Florida Bar No.: 0184111 |
| | KING, BLACKWELL, ZEHNDER |
| |   & WERMUTH, P.A. |
| | P.O. Box 1631 |
| | Orlando, FL 32802-1631 |
| | Telephone: (407) 422-2472 |
| | Facsimile: (407) 648-0161 |
| | fwermuth@kbzwlaw.com |
| | |
| | Marc E. Elias* |
| | PERKINS COIE LLP |
| | 700 13th St. N.W., Suite 600 |
| | Washington, D.C. 20005-3960 |
| | Tel.: (202) 654-6200 |
| | Fax: (202) 654-9106 |
| | MElias@perkinscoie.com |
| | |
| | William B. Stafford* |
| | PERKINS COIE LLP |
| | 1201 Third Ave., Suite 4900 |
| | Seattle, WA 98101-3099 |
| | Tel.: (206) 359-8000 |
| | Fax: (206) 359-9000 |
| | WStafford@perkinscoie.com |
| | |
| | *Counsel for Defendants* |
| | |
| | *Motion for Admission Pro Hac Vice Pending* |