# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GEORGE ZIMMERMAN,

    Plaintiff,

v.

PETE BUTTIGIEG and
ELIZABETH WARREN,

    Defendants.

Case No: 8:20-cv-1077-T-36CPT

## CASE MANAGEMENT REPORT

Undersigned counsel attempted in good faith to confer with counsel for Plaintiff on the following schedule, and informed counsel for Plaintiff of the obligation to confer and complete this report. Counsel for Plaintiff, however, refused to participate in the conferral process and refused to authorize contact with Plaintiff – who may or may not proceed *pro se*, if counsel for Plaintiff is permitted to withdraw – in order to jointly prepare a case management report. Accordingly, Defendants hereby propose the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c)**:**

| DEADLINE OR EVENT | PROPOSED |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** <br>**[Court recommends 30 days after CMR meeting]** | August 14, 2020 |

| DEADLINE OR EVENT | PROPOSED |
|---|---|
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[Each party who has not previously filed must file immediately] | July 31, 2020 |
| **Motions to Add Parties or to Amend Pleadings**<br>[Court recommends 1 - 2 months after CMR meeting] | September 7, 2020 |
| **Disclosure of Expert Reports**<br>**Plaintiff:**<br>**Defendant:**<br>[Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | Pltf: June 1, 2021<br>Defs: July 1, 2021 |
| **Discovery Deadline**<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | August 2, 2021 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>[Court requires 5 months or more before trial term begins] | September 1, 2021 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[14 days before Joint Final Pretrial Statement] | December 3, 2021 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (a Word or WordPerfect® version may be e-mailed to the Chambers mailbox), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference] | December 17, 2021 |

| DEADLINE OR EVENT | PROPOSED |
|---|---|
| **All Other Motions Including Motions *In Limine*** [Court recommends 3 weeks before Final Pre-trial Conference] | December 17, 2021 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | January 7, 2022 |
| **Trial Briefs** [Court recommends 2 weeks before Trial] | January 14, 2022 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on the 1st business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | February 2022 |
| **Estimated Length of Trial** [trial days] | 3 days |
| **Jury / Non-Jury** | Jury |
| **Mediation** Deadline:<br><br>**Mediator:**<br>**Address:**<br><br>**Telephone:**<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | August 13, 2021<br>TBD |

| DEADLINE OR EVENT | PROPOSED |
|---|---|
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes**____<br>**No** **x**__<br><br>**Likely to Agree in Future** _____ |

**I.      Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.

Because counsel for Plaintiff, Larry Klayman, refused to take undersigned counsel's telephone call or participate in such a meeting, there was no in-person or telephonic meeting pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A).[1]

**II.     Pre-Discovery Initial Disclosures of Core Information**
        **Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

> Defendants propose that the parties exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by August 14, 2020.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

### III. Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

  **X**   Defendants do not anticipate the disclosure or discovery of ESI in this case;

  ___   One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A. The form or forms in which ESI should be produced. **N/A**

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought. **N/A**
.
C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata. **N/A**

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information. **N/A**

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems. **N/A**

F. Any issues relating to preservation of discoverable ESI. **N/A**

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

Defendants are willing to meet and confer in good faith to discuss and attempt to reach agreement upon the need for, scope, and terms of a stipulated confidentiality agreement to provide for the protection of certain discovery materials. In the event they are unable to agree, Defendants submit that the parties may raise disputed issues in respect of the foregoing with the Court and, if necessary, request or oppose entry of a protective order providing for the protection of certain discovery materials.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues. **N/A**

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:
   **N/A**

If there are disputed issues specified above, or elsewhere in this report, then (check one):
   \_\_\_ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

   \_X\_ Defendants agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## IV. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement —

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____ Yes

_____X\_ No       Plaintiff shall file his Certificate and Statement on or before July 31, 2020. Defendants previously filed such documents.

### B. Discovery Not Filed —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

Defendants propose that the parties produce documents electronically, when possible.

### C. Limits on Discovery —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, Defendants propose to further limit discovery as follows:

1. Depositions – **N/A**
2. Interrogatories – **N/A**
3. Document Requests – **N/A**
4. Requests to Admit – **Limited to 25 per party**.
5. Supplementation of Discovery – **N/A**

D. **Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: **N/A**

E. **Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: **N/A**

F. **Confidentiality Agreements** —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: **N/A**

**G.     Other Matters Regarding Discovery — N/A**

**V.     Settlement and Alternative Dispute Resolution**.

    **A.     Settlement —**

Defendants agree that settlement is
\_\_\_\_\_ likely  \_\_**X**\_\_ unlikely        (check one)
The parties request a settlement conference before a United States Magistrate Judge.
\_\_\_\_\_ yes  \_\_**X**\_\_ no\_\_\_\_ likely to request in future.

    **B.     Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?
\_\_\_\_\_ yes \_\_**X**\_ no \_\_\_\_\_ likely to agree in future

_____ Binding  _____Non-Binding

### C. Mediation —

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have not agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and Defendants propose the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D. Other Alternative Dispute Resolution —

The parties intend to pursue the following other methods of alternative dispute resolution: **N/A**

Dated July 21, 2020

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No.: 0184111
**KING, BLACKWELL, ZEHNDER
 & WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

Marc E. Elias*
**Perkins Coie LLP**
700 13th St. N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9106
MElias@perkinscoie.com

William B. Stafford*
**Perkins Coie LLP**
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
WStafford@perkinscoie.com

*Admitted pro hac vice*
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I filed a copy of the foregoing Case Management Report with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No.: 0184111