FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2021 MAR -9 AM 10: 04

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

GEORGE ZIMMERMAN,

    Plaintiff,

v.                                                 Case No: 8:20-cv-1077-CEH-CPT

PETE BUTTIGIEG and ELIZABETH
WARREN,

    Defendants.
_____/

## AMENDED COMPLAINT

### I. The Parties to This Complaint

    **A.**   **Plaintiff**

        George Zimmerman
        Lakeland , Florida

    **B.**   **Defendants**

        Defendant No.1

        Pete Buttigieg
        United States Secretary of Transportation
        c/o Peter for America
        P.O. Box 1226
        South Bend, Indiana 46624
        info@wintheera.com

        Defendant No. 2

        Elizabeth Warren

United States Senator
2400 JFK Federal Building
15 New Sudbury Street
Boston, MA 02203
(617) 565-3170

**II.    Basis for Jurisdiction**

Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.

    **A.    The Basis for Jurisdiction Is Diversity of Citizenship**

        1.    The Plaintiff is an individual.

            a.    The Plaintiff George Zimmerman, is a citizen of the State of Florida.

        2.    The Defendant(s)

            a.    The Defendant is an individual.

                The Defendant Pete Buttigieg is a citizen if the State of Indiana.

            b.    The Defendant is an individual.

                The Defendant Elizabeth Warren is a citizen of the State of Massachusetts

        3.    The amount in controversy the Defendants owes or the amount at stake is more than $75,000. Mr. Zimmerman has experience

working as a forensic fraud underwriter for Digital Risk. Mr. Zimmerman had gained traction in obtaining employment which was commensurate with his training and experience. The tweets by Pete Buttigieg and Elizabeth Warren caused Mr. Zimmerman to be noticed unfavorably by potential employers and stopped him from getting interviews. The jobs he is able to get pay at a substantially reduced rate of pay. Mr. Zimmerman at great expense has also had to change residences multiple times to protect himself.

### III. Statement of Claim

1. Plaintiff files this action against Buttigieg and Warren asserting three claims—general defamation, defamation by implication, and defamation *per se*— against both.

2. On February 26, 2012, twenty-nine year-old George Zimmerman discharged a single shot to stop seventeen year-old Trayvon Martin from assaulting him, following an incident between the two at the Retreat at Twin Lakes townhome community in Florida where Zimmerman lived and was a member of the neighborhood watch.

3. Plaintiff Zimmerman was charged with second-degree murder and acquitted by a jury on July 13, 2013.

4. Plaintiff Zimmerman and his family have been the target of death threats ever since.

5. Due to the massive publicity after the shooting, the nationwide protests demanding his arrest without cause, the subsequent 2013 trial and his acquittal of all charges, and the acts of protest and violence that continue to this day in the name of Trayvon Martin, George Zimmerman's name is 100% synonymous with Trayvon Martin and the incident that resulted in Martin's death.

6. The actions giving rise to this lawsuit occurred on February 5, 2020 when defendant Pete Buttigieg made the following tweet:




Pete Buttigieg @PeteButtigieg · Feb 5
Trayvon Martin would have been 25 today.

How many 25th birthdays have been stolen from us by white supremacy, gun violence, prejudice, and fear?

#BlackLivesMatter

◯ 13.3K    ⟲ 5.6K    ♡ 42.1K

7. The tweet was read by the following Florida residents:   *See* EXHIBIT 1

   a. Christine Costello
      2008 Greenwood Valley Drive
      Plant City, Florida 33563

    b.    Richard Baris
2939 NW 43RD Avenue
Gainesville, Florida 32605

    c.    Mandy Ellzey
5940 Kendrew Drive
Port Orange, Florida 32127

    d.    Robert Mas
8762 NW 158TH Street
Hialeah, Florida 33018

    e.    Richard O'Brien
2830 Se Tate Avenue
Port Saint Lucie, Florida 34984

    f.    Leon Zhivelev (@Leonfunking)
447 NE 195TH Street
Apt. 309
Miami, Florida 33179

    g.    Steven Lemongello
Orlando Sentinel
February 5, 2020
"Pete Buttigieig honors Trayvon Martin's 25th birthday tweets, 'BlackLivesMatter'"

8. Defendant Buttigieg is an American politician and was a 2020 candidate for the Democratic Party nomination for President of the United States of America.

9. Defendant Buttigieg allegedly had 1,600,000 followers on the social media platform, Twitter, and tweeted multiple times per day in order to build political support—among other things.

5

10. Defendant Buttigieg's tweet implied that Trayvon Martin's death was a result of *"white supremacy, gun violence, prejudice, and fear,"* all of which the public would understand as referring only to George Zimmerman, who is known to have caused Trayvon Martin's death by shooting him, even though Buttigieg knew that the 2013 trial jury acquitted Zimmerman of all charges.

11. Defendant Buttigieg disparaged Zimmerman and further subjected him to hate.

12. In only three days, the tweet received 42,000 likes, 13,300 replies, and 6,600 retweets as well as national media coverage, including in the state of Florida—which is the third largest state and crucial to win the 2020 presidential Democratic primary and general presidential election.

13. Defendant Elizabeth Warren, a nationally known public figure and 2020 candidate for the Democratic party nomination for President of the United States, also tweeted about Trayvon Martin that day.

14. Defendant Warren tweeted the following statement to her 3,600,000 followers on Twitter:



15. In only three days, the tweet received 7,300 likes and 1,000 retweets, as well as national media coverage, including in the state of Florida.

16. The tweet was read by the following Florida residents:   *See* EXHIBIT 2

    a.    Greg Angel
           11 W Harding St
           Orlando, Florida 32806

    b.    Darren Freeman

       1006 S Lake Mariam Dr
       Winter Haven, Florida 33884

c.    Paul Hurteau, Jr
      66 Hatteras Ave
      Winter Haven, Florida 33880

d.    Amber Q Perry
      8516 Fortress Dr
      Tampa, Florida 33621

e.    Farah Tavakoli
      953 Northridge Dr
      Palm Harbor, Florida 34683

f.    Gail Young
      1010 Dotterel Rd Apt 217
      Delray Beach, Florida 3344

16. Like Buttigieg, Warren was very knowledgeable of the facts surrounding the 2012 incident in which Trayvon Martin died and that Zimmerman's name was synonymous with that incident.

17. Defendant Warren's tweet was defamatory because it characterized Martin's death as the result of gun violence, even though Warren was aware that Zimmerman's act was one of self-defense and that he was acquitted of all charges based on the evidence.

18. Both Buttigieg and Warren, in sending the respective tweets, acted with actual malice towards Zimmerman, because—among other things—they knew of his acquittal.

19. Defendants Buttigieg and Warren they had a preconceived plan to discredit and destroy him as part of their political agenda to garner votes in the black community before the 2020 election.

20. Buttigieg had expressed concern over the well-documented lack of electoral support for his candidacy among African American voters in polling and Warren also lacked the support of African American voters, which she was seeking.

22. Personal jurisdiction exists because the tweets were read by at least six people in Florida.

23. The tweets are referring to the Plaintiff because it is universally known that he shot Trayvon Martin.

## FIRST CAUSE OF ACTION
*General Defamation*
*Defendants Buttigieg and Warren*

24. Plaintiff Zimmerman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

25. Defendants, together and both of them acting in concert, jointly and severally, and individually, have defamed Plaintiff Zimmerman by knowingly, intentionally, willfully, and recklessly publishing statements about him which they knew or should have known to be false and misleading and/or were published with reckless disregard for the truth.

26. Defendants' defamatory tweets were not privileged in any way or manner.

27. To establish general defamation, a plaintiff need only show that a person or entity (1) published a false statement of fact; (2) about another person; (3) to a third party; and (4) the falsity of the statement caused injury to the other person.

28. The false, defamatory and misleading tweets about Plaintiff Zimmerman were published and the falsity of the statements caused injury to him.

29. Defendants knew or had reason to know that their tweets were false and misleading and/or published with a reckless disregard for the truth.

30. The false impression of Plaintiff Zimmerman, which Defendants created, caused irreparable harm to him, his business and person and his calling, as well as to his good will and reputation, as well as harmed his family.

31. Defendants published false, misleading slanderous, defamatory statements to severely harm and damage Plaintiff Zimmerman on their public Twitter posts on February 5, 2020.

32. These false, misleading and defamatory statements were disseminated on the Internet to the public and directly to millions of their followers, and republished for persons in this circuit and the entire world to see and hear.

33. These false, misleading and defamatory tweets were further disseminated by thousands of "retweets" and "likes" by thousands of their followers and others and covered by the media, which was the intent of their postings and publications.

## SECOND CAUSE OF ACTION
*Defamation by Implication*
*Defendants Buttigieg and Warren*

34. Plaintiff Zimmerman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

35. Defendants, together and both of them acting in concert, jointly and severally,

36. and individually, have defamed Plaintiff Zimmerman by knowingly, intentionally, willfully, and recklessly publishing statements about him which they knew or should have known to be false and misleading. Defendants' defamatory tweets were not privileged in any way or manner.

37. Defamation by implication is a tort recognized in Florida. Defendants juxtaposed a series of facts so as to imply a defamatory connection between them.

38. Defendants, together and both of them acting in concert, jointly and severally, and individually, published false statements about Plaintiff Zimmerman and these statements were defamatory in that they created a false impression of him.

39. Defendants, together and both of them acting in concert, jointly and severally, and individually, juxtaposed a series of facts so as to imply a defamatory connection between them or, in the alternative, created a defamatory implication by omitting facts when describing the nature and sequence of events.

40. A reasonable person would understand Defendants' statements to impart the false innuendo, which would be highly offensive to a reasonable person.

41. Defendants, both of them, intended or endorsed the defamatory inferences that the published statements created and these false, defamatory and misleading statements were made with actual malice.

42. The false impression of Plaintiff Zimmerman, which Defendants created, caused irreparable harm to him, his reputation, his business and person and his calling.

43. Defendants published false, misleading slanderous, defamatory statements to severely harm and damage Plaintiff Zimmerman on their public Twitter posts on February 5, 2020.

44. These false, misleading and defamatory statements were disseminated on the Internet to the public and directly to millions of their followers, and republished elsewhere for persons in this circuit and the entire world to see and hear.

45. These false, misleading and defamatory tweets were further disseminated by thousands of "retweets" and "likes" by thousands of their followers and others covered by the media, which was the intent of the posting.

46. Plaintiff Zimmerman has been severely harmed and damaged by these false and misleading defamatory statements because they subjected him to hatred, distrust, ridicule, contempt, and disgrace.

## THIRD CAUSE OF ACTION
### *Defamation Per Se*
### Defendants Buttigieg and Warren

47. Plaintiff Zimmerman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

48. Defendants, together and both of them acting in concert, jointly and severally, and individually, have defamed Plaintiff Zimmerman by knowingly, intentionally, willfully, and recklessly publishing statements about him which they knew or should have known to be false and misleading.

49. Defendants made and published false and defamatory statements concerning Plaintiff Zimmerman by calling, representing and publishing within this district, the nation and the world, with actual malice, that Plaintiff Zimmerman was directly responsible for "white supremacy," "gun violence," "prejudice," "fear" and "racism," among other defamatory innuendos and statements as explained

above; and thus murdered Trayvon Martin as a result.

50. These statements are defamatory per se because they falsely accuse Plaintiff Zimmerman of committing a serious crime, which he was exonerated for, and which amounts to a crime of moral turpitude. As defamation per se, actual malice and damage to Plaintiff Zimmerman is presumed as a matter of law.

51. Defendants acted in concert and are therefore jointly and severely liable as joint tortfeasors, and individually.

52. Defendants acted with actual malice insofar as they knew that the statements made against Plaintiff Zimmerman were false and/or recklessly disregarded their truth. Defendants had reason to know that their tweets were false and misleading. Defendants' statements and the tweets were made without any privilege.

53.

54. Defendants' false words concerning Plaintiff Zimmerman are so harmful that proof of their injurious effect is unnecessary.

55. As a direct and proximate result of Defendants' extreme, outrageous and malicious, defamatory conduct set forth above, Plaintiff Zimmerman has been the subject of widespread ridicule and humiliation and has suffered severe loss of reputation, which has in turn also caused him pain and financial damage.

56. These false impressions of Plaintiff Zimmerman, which Defendants created, caused irreparable harm to him, his reputation, his business and person and his calling, as well as to his family. He has also suffered financial damages.

57. Defendants published numerous false, misleading slanderous, defamatory statements to severely harm and damage Plaintiff Zimmerman on their Twitter accounts.

58. These false, misleading and defamatory statements were published on Twitter and disseminated on the Internet and retweeted and covered widely in the media for persons in this circuit and the entire world to see and hear.

59. These false, misleading and defamatory statements were published with actual malice, as Defendants knew that they were false and misleading, and/or at a minimum acted with a reckless disregard for the truth. Defendants also had reason to know that they were false and exhibited a reckless disregard for the truth.

60. Plaintiff Zimmerman has been severely harmed and damaged by these false and misleading defamatory statements because they subject him to hatred, distrust, ridicule, contempt, and disgrace.

61. These statements are *per se* defamatory because they falsely accuse Plaintiff Zimmerman of having committed a felony crime.

62. As a result of this, Plaintiff Zimmerman suffered severe reputational and other special and general damages, as set forth above.

## IV. Relief

WHEREFORE, Plaintiff George Zimmerman prays for judgment against Defendants as follows:

63. Awarding Plaintiff Zimmerman compensatory and actual including consequential and incidental damages in excess of $ 75,000.00 U.S. Dollars for loss of good

14

will and reputation and financial and other damages as pled above in all counts;

64. Awarding Plaintiff Zimmerman attorney's fees and costs;

65. Granting any further relief as the Court deems appropriate including preliminary and permanent injunctive relief, as well as leave to later amend to add a claim for punitive damages pursuant to Section 768.72 of the Florida Statutes;

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complain other wise complies with the requirements of Rule 11.

I hereby certify that on March 9, 2021, I filed a copy of the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Frederick S. Wermuth, Esquire
King, Blackwll, Zehnder & Wermuth, P.A.
P.O. Box 1631
Orlando, FL 32802
fwermuth@kbzwlaw.com
Attorney for Defendants

Marc E. Elias*
Perkins Coie, LLP
700 13th St. N.W. Suite 800
Washington, D.C. 20005
MElias@perkinscoie.com

William B. Stafford*
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
WStafford@perkinscoie.com

Respectfully submitted March 9, 2021,

By: _____
CRAIG A. SONNER, ESQUIRE
CRAIG A. SONNER, P.A.
FBN: 478946
P.O. Box 622017
Oviedo, FL 32762
E-Mail: craigsonner@earthlink.net
(407) 331-5900
(407) 331-1775
Attorney for Plaintiff