# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

GEORGE ZIMMERMAN,
 Plaintiff,                                     Case No: 8:20-cv-1077-T-36CPT

v.

PETE BUTTIGIEG and
ELIZABETH WARREN,
 Defendants.
_____/

# PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Under Local Rules 3.01(c) and (d),Plaintiff George Zimmerman, respectfully moves this Court for leave to file a reply supporting Plaintiff's Opposition To Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 40) of no more than seven (7) pages in length, by no later than seven days from an order granting leave to file a reply.

**A. Procedural History and Basis for Relief**

On February 23, 2021, this Court dismissed Plaintiff George Zimmerman's original complaint with prejudice. See ECF No. 38. On March 9, 2021, Zimmerman filed an Amended Complaint. ECF No. 39. On March 23, 2021, Defendants filed their

1

Motion to Dismiss the Amended Complaint (ECF No. 40), to which Zimmerman did timely respond timely response on or before April 21, 2021.

Zimmerman's 21-page opposition brief addresses the issues argued by the Defendants. The Defendant's have continued to argue that issues that were clearly addressed in the Plaintiff's pleadings were not addressed. The issues of Personal Jurisdiction and Due Process addressed by the Plaintiff. Therefore the Defendant's arguments although meritless when examined warrant a brief response.

Therefore, Plaintiff's respectfully seek leave to file a short reply of no more than seven (7) pages in response.

**B. Argument**

Under the Local Rules, "[n]o party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave." M.D. Fla. Local Rule 3.01(c). "A motion requesting leave to file . . . a reply or further memorandum shall not exceed three (3) pages, shall specify the length of the proposed filing." M.D. Fla. Local Rule 3.01(d). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." Gian Biologics, LLC v. CellMedix Holdings, LLC, No. 2:15-CV-645, 2016 WL 9525229, at *1 (M.D. Fla. Oct. 5, 2016) (quoting Tardif v. People for Ethical Treatment of Animals, No. 2:09–cv–537, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011)).

2

"While parties may ask for leave to file a reply, they must show good cause," McDonald v. U.S., No. 3:13–cv–168, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013), and that a reply brief will benefit the Court's resolution of the pending motion. See Schumann v. Collier Anesthesia, P.A., No. 2:12–cv–347, 2014 WL 1230644, at *4 n.3 (M.D. Fla. Mar. 25, 2014) (denying leave to file a reply brief where such brief would not aid the Court's resolution of the underlying motion).

The Defendant's claim incorrectly that the Plaintiff has introduced new and confusing factual and legal assertions in response to Defendants' argument that, if their motion to dismiss is not granted, the Court should order limited disery on personal jurisdiction and rule on that issue first. See ECF No. ECF No. 42 at 20. Zimmerman has argued that personal jurisdiction has been established and that exercising personal jurisdiction here would NOT offend the Due Process Clause and has cited case law. See id. at 7-10. Zimmerman's response uses the language and case law from the Court's February 23rd Opinion explaining the due process prong of the personal jurisdiction test. Zimmerman makes sufficient arguement under those cases that personal jurisdiction has been established and that Due Process would not be offended if the Defendant's are held accountable in Florida for their statements in their tweets.

The Plaintiff would like to address the Defendant's issues with the Plaintiff's

3

request pursuant to Rule 15 FRCP as to whether he should be permitted to file an amended complaint should this action again be dismissed. Id. at 20.  Finally, the Plaintiff would like to respond to the Defendant's arguments as to whether the tweets were defamatory and whether the Amended Complaint is a shotgun pleading will aid the Court's resolution.

For these reasons, Plaintiff's have shown "good cause" to file a short reply to rebut and contextualize Defendant's newly-raised factual assertions and to provide the Court the relevant law, which will ultimately aid in the Court's resolution. McDonald, 2013 WL 3901871, at *1 n.3; see also Schumann, 2014 WL 1230644, at *4 n.3.

### C. Conclusion

Defendants respectfully request leave to file a reply of no more than seven pages by seven days from an order granting leave to file a reply.

### LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel hereby certifies that counsel for Plaintiff conferred with counsel for Defendants by telephone on April 23, 2021 in accordance with M.D. Local Rule 3.01(g) and counsel for the Defendants does not oppose the relief requested in this motion:

DATED:  May 10, 2021

4

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the

best of my knowledge, information and belief that this complaint: (1) is not being

presented for an improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation; (2) is supported by existing law or by a

nonfrivolous argument for extending, modifying, or reversing existing law; (3) the

factual contentions have evidentiary support or, if specifically so identified, will

likely have evidentiary support after a reasonable opportunity for further investigation

or discovery; and (4) the complain other wise complies with the requirements of Rule

11.

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, I filed a copy of the foregoing Notice of

Appearance with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel of record.

Frederick S. Wermuth, Esquire
King, Blackwll, Zehnder & Wermuth, P.A.
P.O. Box 1631
Orlando, FL 32802
fwermuth@kbzwlaw.com
Attorney for Defendants

Marc E. Elias*
Perkins Coie, LLP

700 13th St. N.W. Suite 800
Washington, D.C. 20005
MElias@perkinscoie.com

William B. Stafford*
Perkins Coie LLP
1201 Third Avenue, Suite4900
Seattle, WA 98101
Wstafford@perkinscoie.com

Respectfully submitted May 10, 2021,


By: _____

CRAIG A. SONNER, ESQUIRE
CRAIG A. SONNER, P.A.
FBN: 478946
P.O. Box 622017
Oviedo, FL 32762
E-Mail: craigsonner@earthlink.net
(407) 331-5900
(407) 331-1775
Attorney for Plaintiff