GEORGE ZIMMERMAN,

    Plaintiff,

    v.

PETE BUTTIGIEG and
ELIZABETH WARREN,

    Defendants.

Case No: 8:20-cv-1077-CEH-CPT

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendants, Secretary Pete Buttigieg and Senator Elizabeth Warren, by and through their undersigned counsel, hereby answer Plaintiff's Second Amended Complaint as follows. Except as allegations are expressly admitted, they are denied:

1. The Plaintiff is an Individual

   a) Defendants lack knowledge as to George Zimmerman's permanent place of residence and therefore deny the allegations of this paragraph.

2. The Defendant(s)

   a) Denies the allegations of the paragraph, but does not dispute that complete diversity exists between the parties.

   b) Admitted.

3.      Defendants admit that Plaintiff is seeking more than $75,000 in damages but deny any damages to Plaintiff. Defendants deny allegations of harm based upon their tweets. Defendants are without knowledge or information sufficient to respond to the remaining allegations in this paragraph.

1.      The paragraph contains a recitation of Plaintiff's claims to which no response is required. To the extent a response is required, denied that Plaintiff's claims have merit.[1]

2.      The paragraph contains a recitation of Plaintiff's claims to which no response is required. To the extent a response is required, denied that Plaintiff's claims have merit.

3.      Defendants admit that George Zimmerman shot seventeen year-old Trayvon Martin on February 26, 2012 at the Retreat at Twin Lakes town home community. The remainder of this paragraph contains characterizations and legal contentions that Defendants are not required to admit or deny. To the extent any response is required, Defendants deny any remaining allegations.

4.      Admitted.

5.      Defendants are without knowledge or information sufficient to respond to the allegations in this paragraph and therefore deny the same.

6.      Defendants admits that Trayvon Martin's death was widely publicized and that remembrances in honor of Trayvon Martin continue today but deny the

---

[1] Defendants follow the numbering scheme used by Plaintiff in the Second Amended Complaint.

remaining characterizations and allegations contained in this paragraph.

7. Admitted that on February 5, 2020, the tweet set out in the paragraph was sent from the @PeteButtigieg Twitter handle and does not mention Zimmerman.

8. Defendant Buttigieg is without knowledge or information sufficient to respond to the allegations in this paragraph.

9. Admitted.

10. Generally admitted that the @PeteButtigieg Twitter handle has millions of followers and, during 2020, often sent more than one tweet a day, and that Defendant Buttigieg tweets for various reasons. Except as admitted, denied.

11. Defendant Buttigieg admits that he is generally aware that Zimmerman was acquitted after a trial. Denied that the Tweet refers to Zimmerman. The remainder of this paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies any remaining allegations.

12. Denied.

13. Admitted.

14. Defendant Buttigieg admits that he is generally aware that Zimmerman was acquitted after a trial. The remainder of this paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies any remaining allegations.

15. Denied.

16.     Admitted that during his presidential campaign, Defendant Buttigieg expressed the importance of making sure that he spoke to a wide swathe of Democratic voters to earn their support, including African-American voters. Otherwise denied.

17.     This paragraph contains legal contentions to which no responsive pleading is required. Denied that the Court has personal jurisdiction over Defendant Buttigieg.

18.     Denied.

19.     Denied.

20.     Admitted that Defendant Buttigieg ran for President of the United States. Lack knowledge as to whether he is "world-renowned" or what is meant by "sophisticated" and therefore deny the same.

21.     This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. The allegations in this paragraph also lack sufficient specificity to enable Defendant Buttigieg to form a response thereto. Expressly denied that Defendant Buttigieg knew anything about the tweet at issue in this case was false or misleading.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     This paragraph contains characterizations and legal contentions that

Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

28.     Denied.

29.     This paragraph contains legal contentions to which no responsive pleading is required.

30.     Denied.

31.     This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. The allegations in this paragraph also lack sufficient specificity to enable Defendant Buttigieg to form a response thereto. To the extent a response is required, Defendant Buttigieg denies the allegations.

39.     This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Admitted.

44.    Admitted that the @ewarren Twitter handle has millions of followers and sent the tweet identified in the paragraph that does not mention Zimmerman on February 5, 2020.

45.    Defendant Warren is without knowledge or information sufficient to respond to the allegations in this paragraph.

46.    Defendant Warren is without knowledge or information sufficient to respond to the allegations in this paragraph.

47.    Admitted that Defendant Warren is aware of Trayvon Martin's death and the general circumstances surrounding it but denied that "Zimmerman's name was synonymous with that incident."

48.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

49.    Defendant Warren admits that she is generally aware that the person who shot Trayvon Martin was acquitted after a trial, but at the time of the Tweet in question she had no memory of his name. The remainder of this paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies any

remaining allegations.

50.    Denied.

51.    Generally admitted that, during the 2020 election, Defendant Warren expressed her desire to earn and bolster support among various groups of Democratic voters, including African-American voters. Except as admitted, denied.

52.    This paragraph contains legal contentions to which no responsive pleading is required. Denied that the Court has personal jurisdiction over Defendant Warren.

53.    Denied.

54.    Denied.

55.    Admitted that Defendant Warren ran for President of the United States. Lack knowledge as to whether she is "world-renowned" or what is meant by "sophisticated" and therefore deny the same.

56.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. The allegations in this paragraph also lack sufficient specificity to enable Defendant Warren to form a response thereto. Expressly denied that Defendant Warren knew anything about the tweet at issue in this case was false or misleading.

57.    Denied.

58.    Denied.

59.    Denied.

60.    This paragraph contains characterizations and legal contentions that

Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

61. Denied.

62. This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

63. Denied.

64. This paragraph contains legal contentions to which no responsive pleading is required. To the extent a response is required, denied.

65. Denied.

66. This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

74.     This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

75.     Denied.

76.     Denied.

77.     Denied.

### First Cause of Action
### General Defamation as to Defendant Buttigieg

78.     Defendant Buttigieg restates and incorporates by reference his responses to paragraphs 1, 3, and 4-42.

79.     Admitted that Defendant Buttigieg generally authorized publication of tweets sent from @PeteButtigieg during 2020, and that the tweet as quoted was sent from @PeteButtigieg that year. This rest of this paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

80.     This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

81.     This paragraph contains legal contentions to which no responsive pleading is required. To the extent a response is required, Defendant Buttigieg denies the allegations.

82.     This paragraph contains characterizations and legal contentions that

Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

83. Denied.

84. This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

85. This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

86. Admitted that the tweet was published, but denied as to the remaining allegations in this paragraph.

87. Admitted that the tweet was liked and retweeted, but denied as to the remaining allegations in this paragraph.

## Second Cause of Action
## General Defamation as to Defendant Warren

88. Defendant Warren restates and incorporates by reference her responses to paragraphs 2 and 43-77.

89. Admitted that the tweet as quoted was published with Defendant Warren's authorization through the @ewarren twitter handle. The rest of this paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

90. This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

91. This paragraph contains legal contentions to which no responsive pleading is required. To the extent any response is required, Defendant Warren denies the allegations.

92. This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

93. Denied.

94. This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

95. This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

96. Admitted that the tweets were published, but denied as to the remaining allegations in this paragraph.

97. Admitted that the tweets were liked and retweeted, but denied as to the remaining allegations in this paragraph.

98. Defendant Buttigieg restates and incorporates by reference his responses to paragraphs 1, 3, and 4-42.

## Third Cause of Action
## Defamation by Implication as to Defendant Buttigieg

99.     This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

100.    This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

101.    This paragraph contains legal contentions to which no responsive pleading is required. To the extent any response is required, Defendant Buttigieg denies the allegations.

102.    Admitted that Defendant Buttigieg authorized publication of the tweet as quoted. This rest of this paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

103.    This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

104.    This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

105.    This paragraph contains characterizations and legal contentions that

Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

106.    Denied.

107.    This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

108.    This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

109.    Admitted that the tweets were published, but denied as to the remaining allegations in this paragraph.

110.     Admitted that the tweets were liked and retweeted, but denied as to the remaining allegations in this paragraph.

111.    This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

**Fourth Cause of Action**
**Defamation by Implication as to Defendant Warren**

112.    Defendant Warren restates and incorporates by reference her responses to paragraphs 2 and 43-77.

113.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is

required, Defendant Warren denies the allegations.

114.    Admitted that Defendant Warren generally authorized publication of the tweets sent from @ewarren during 2020, and that the tweet as quoted was sent from @ewarren that year. The rest of this paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

115.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

116.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

117.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

118.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

119.    Denied.

120.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

121.   This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

122.   Admitted that the tweets were published, but denied as to the remaining allegations in this paragraph.

123.   Admitted that the tweets were liked and retweeted, but denied as to the remaining allegations in this paragraph.

124.   This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

**Fifth Cause of Action**
**Defamation *Per Se* as to Defendant Buttigieg**

125.   Defendant Buttigieg restates and incorporates by reference his responses to paragraphs 1, 3, and 4-18.

126.   Admitted that Defendant Buttigieg generally authorized publication of tweets sent from @PeteButtigieg during 2020, and that the tweet as quoted was sent from @PeteButtigieg that year. The rest of this paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

127.   This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

128.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

129.  Denied.

130.  Denied.

131.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

132.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

133.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

134.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

135.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

136.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is

required, Defendant Buttigieg denies the allegations.

137.  Denied.

138.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

139.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

140.  This paragraph contains characterizations and legal contentions that Defendant Buttigieg is not required to admit or deny. To the extent any response is required, Defendant Buttigieg denies the allegations.

## Sixth Cause of Action
### Defamation *Per Se* as to Defendant Warren

141.   Defendant Warren restates and incorporates by reference his responses to paragraphs 2 and 43-53.

142.  Admitted that Defendant Warren generally authorized publication of tweets sent from @ewarren during 2020, and that the tweet as quoted was sent from @ewarren that year. The rest of this paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

143.  This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is

required, Defendant Warren denies the allegations.

144.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

145.    Denied.

146.    Denied.

147.    Denied.

148.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

149.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

150.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

151.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

152.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

153.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

154.    Denied.

155.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

156.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

157.    This paragraph contains characterizations and legal contentions that Defendant Warren is not required to admit or deny. To the extent any response is required, Defendant Warren denies the allegations.

158.    This paragraph constitutes a prayer for relief as to which no response is required. Defendants deny that Plaintiff is entitled to any relief.

159.    This paragraph constitutes a prayer for relief as to which no response is required. Defendants deny that Plaintiff is entitled to any relief.

160.    This paragraph constitutes a prayer for relief as to which no response is required. Defendants deny that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

2. The Court lacks personal jurisdiction over either Defendant.

3. The challenged statements are true or substantially true and thus cannot be the basis for a defamation action.

4. Plaintiff is a public figure and Defendants did not publish the statements with actual malice.

5. The Defendants' statements are not properly subject to a defamation suit because they contained no provably false assertions of fact; indeed, the statements are pure opinion, which is not actionable as a matter of law.

6. The challenged statements are protected by and privileged under the First Amendment to the U.S. Constitution, Florida's Constitution, and/or any other applicable state constitutions.

7. No act or omission on the part of Defendants either caused or contributed to whatever injury (if any) Plaintiff may have suffered.

8. Plaintiff has failed to properly mitigate its damages.

9. Plaintiff's claims are barred in whole or in part by his own conduct, including under such doctrines as unclean hands and in pari delicto.

10. Plaintiff's claimed damages are vague, uncertain, and/or speculative.

Filed: February 9, 2022

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No.: 0184111
**KING, BLACKWELL, ZEHNDER
   & WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

Marc E. Elias*
**Elias Law Group LLP**
10G St NE, Ste 600
Washington, DC 20002
Tel.: (202) 968-4510
Fax: (202) 968-4498
MElias@elias.law

William B. Stafford*
**Elias Law Group LLP**
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Tel.: (206) 656-0176
Fax: (206) 656-0180
BStafford@elias.law

*Admitted pro hac vice*

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2022, I filed a copy of the foregoing Defendants' Answer to the Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No.: 0184111

*Attorney for Defendants*