UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE ZIMMERMAN,

                    Plaintiff,

        v.                                      Case No: 8:20-cv-1077-CEH-CPT

PETE BUTTIGIEG and
ELIZABETH WARREN,

                    Defendants.

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Defendants Secretary of Transportation Pete Buttigieg and Senator Elizabeth Warren, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, move for a protective order to prevent Plaintiff from taking their depositions or, in the alternative, to impose certain conditions on the taking and use of the depositions. Defendants have tried to negotiate with Plaintiff a confidentiality agreement and stipulation on these depositions for the past month but have reached an impasse and must now seek relief.

### I.    Background

Defendants currently serve in high-level federal governmental roles. Pete Buttigieg is the Secretary of Transportation for the United States, and Elizabeth Warren is a United States Senator for the Commonwealth of Massachusetts. Their duties are essential and time-consuming. Moreover, as the attached sworn declarations make clear (Exs. **1** and **2**), while Senator Warren and Secretary Buttigieg generally

authorized a process for others to write tweets for their Presidential accounts, both have little information to share about the specific Tweets at issue in this case.

Plaintiff seeks to depose both Senator Warren and Secretary Buttigieg.[1] In response, Defendants offered various alternative ways of addressing Plaintiff's discovery needs in light of Defendants' official government responsibilities and the limited scope of their knowledge about the Tweets. Senator Warren and Secretary Buttigieg initially proposed that Plaintiff take their depositions by written questions pursuant to Federal Rule of Civil Procedure 31 or, preferably, that Plaintiff serve interrogatories to Senator Warren and Secretary Buttigieg regarding the Tweets. In addition, Defendants offered to make campaign staff who were actually involved in preparing and posting their respective Tweets available for deposition in the first instance, so that Plaintiff could thereafter gauge whether he would still need to depose Secretary Buttigieg and/or Senator Warren.

Plaintiff's counsel rejected both proposals and suggested one-hour depositions of Senator Warren and Secretary Buttigieg with disclosure of the questions in advance. Defendants, attempting to resolve this issue in good faith, drafted a stipulation that memorialized Plaintiff's terms and added what Defendants assumed would be uncontroversial terms that the depositions would be transcribed, but not videotaped, and the parties would agree to keep the deposition testimony confidential consistent

---

[1] Plaintiff has not yet noticed the depositions to occur, but has asked Defendants for available dates. After the parties' impasse, Defendants responded that they would be filing this Motion and confirmed that in the event this Court rules the depositions should occur, Defendants would cooperatively schedule the depositions with Plaintiff.

with a proposed Confidentiality Agreement governing discovery. Plaintiff rejected both the proposed stipulation and proposed Confidentiality Agreement.  Despite additional efforts, the parties' discussions have reached an impasse.

Senator Warren and Secretary Buttigieg now bring this motion for protective order. In their answer to Plaintiff's Second Amended Complaint, Defendants preserve their defense of lack of personal jurisdiction and intend to brief the issue in their motion for summary judgment. This motion should not be construed as a waiver.

## II.    Argument

### A.    The Court should issue a protective order that, at this stage of the case, precludes a deposition of Senator Warren and Secretary Buttigieg.

Federal Rule of Civil Procedure Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26 also provides a range of remedies that the Court may order, including "forbidding the disclosure or discovery" or "prescribing a discovery method other than the one selected by the party seeking discovery." *Id.* at 26(c)(1)(A), 26(c)(1)(C).

Good cause exists here. "Courts have long recognized that it may be appropriate to limit or preclude depositions of high-level corporate officers or government officials (commonly referred to as "apex" depositions)." *Asberry v. Sch. Bd. of Pasco Cnty.*, No. 818-CV-02222-T-35SPF, 2019 WL 12383128, at *1 (M.D. Fla. Aug. 20, 2019) (citing *Chick-Fil-A, Inc. v. CFT Dev., LLC*, No. 5:07-CV-501-OC-10GRJ, 2009 WL 928226, at

*1 (M.D. Fla. Apr. 3, 2009)). This doctrine exists for good reason. "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse and harassment." *Maronda Homes, Inc. of Fla. v. Progressive Express Ins. Co.*, No. 6:14-CV-1287-ORL-31, 2015 WL 1565299, at *2 (M.D. Fla. Apr. 8, 2015); *see also In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (explaining that "[t]he reason for requiring exigency before allowing the testimony of high officials is obvious. High ranking government officials have greater duties and time constraints than other witnesses"). Secretary Buttigieg and Senator Warren are exactly the type of high-level officials recognized as apex figures by courts.[2]

The party seeking to depose a high-ranking government official bears the burden to "show a special need or situation compelling such testimony." *In re United States*, 985 F.2d at 512. Typically, taking depositions of high-ranking government officials "should be discouraged." *Id*. The principles governing protection from "apex" depositions have been further incorporated in the Middle District of Florida Discovery Handbook, which states that:

> If information is sought from an organization, counsel ordinarily should not seek in the first instance to take the deposition of the organization's

[2] *See, e.g.*, *Blankenship v. Fox News Network, LLC*, No. 2:19-CV-00236, 2020 WL 7234270, at *6 (S.D.W. Va. Dec. 8, 2020) (granting protective order for depositions of Senators McConnell and Gardner and collecting cases); *Feldman v. Bd. Of Educ. Sch. Dist. #1 City and Cnty. of Denver*, 2010 WL 383154, at *1 (D. Colo. Jan. 28, 2010) ("current U.S. Senator[] is a high-ranking government official, and any access to such high-ranking government officials through the discovery process should not be without limitations"); *United States v. Morgan*, 313 U.S. 409, 421-22 (1941) (opining that the district court should not have required the Secretary of Agriculture to submit to a deposition); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 567 (D.C. Cir. 1970) (compelling testimony from a cabinet officer "is not normally countenanced").

senior management if someone else in the organization can be expected to have more direct and firsthand knowledge or information. Depositions are not properly used as a mechanism to inconvenience or distract senior management who may not be immediately involved in the dispute.

Middle District Discovery (2021) § II(A)(6), available at https://www.flmd.uscourts.gov/civil-discovery-handbook/chapter02/a-general-policy-and-practice (last accessed Apr. 1, 2022).

In order to take the deposition of high-level officials, the party requesting it must show that the apex deponents—here, Secretary Buttigieg and Senator Warren—have "unique knowledge of the issues in the case or the information sought has been pursued unsatisfactorily through less intrusive means." *Goines v. Lee Mem'l Health Sys.*, No. 2:17-CV-656-FTM-29CM, 2018 WL 3831169, at *4 (M.D. Fla. Aug. 13, 2018) (internal quotation omitted); *see also McMahon v. Presidential Airways, Inc.*, No. 6:05–cv–1002–Orl–28JGG, 2006 WL 5359797, at *2 (M.D. Fla. Jan. 18, 2006). A recent Northern District of Florida opinion also describes the appropriate standard:

> Despite a civil litigant's broad right to depose an opposing party, because depositions can be used to harass parties, the federal courts have adopted a rule that generally exempts "high-ranking" government officials from depositions when the individual lacks personal knowledge relevant to the case or some other witness could provide sufficient testimony. *See generally United States v. Morgan*, 313 U.S. 409, 421-22, 61 S. Ct. 999, 85 L.Ed. 1429 (1941) (opining that the district court should not have required the Secretary of Agriculture to submit to a deposition); *Sensient Colors, Inc.*, 649 F. Supp. 2d at 321 ("Morgan stands for the proposition that high-ranking government officials should not be subject to the taking of depositions absent extraordinary circumstances."); 8A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2037, at 176-77 & n.20 (3d ed. 2010) (noting that courts grant protective orders when "the proposed deponent is a busy government official, the official claims a lack of relevant knowledge" and "there appears a clear risk of abuse").

5

*Odom v. Roberts*, 337 F.R.D. 359, 363 (N.D. Fla. 2020).

Here, Plaintiff has not sought to obtain the information he seeks through "less intrusive means" or alternative sources. Plaintiff has not served any interrogatories on Secretary Buttigieg or Senator Warren or any other written discovery. Plaintiff has not requested depositions of staff personnel most knowledgeable who, as the attached declarations show (Exs. **1** and **2**), have more relevant and substantial knowledge of the Tweets, and whom Defendants have offered to make available. Courts within this district have found failure to exhaust other discovery methods significant in granting motions for protective order. *See, e.g.*, *Bradley v. Lorillard Tobacco Corp.*, No. 8:13-CV-227-T-30AEP, 2014 WL 12628519, at *2 (M.D. Fla. June 25, 2014) (granting motion for protective order where plaintiff had not sought to depose any lower-level employees with knowledge of the claims at issue, plaintiff had not sought the information through other written discovery, or sought to depose the defendant's corporate representatives under Rule 30(b)(6)); *R.F.J. v. Fla. Dep't of Child. and Fams.*, Case No. 3:15-cv-1184-J-32JBT, 2017 WL 5306888, at *3 (M.D. Fla. June 8, 2017) ("There appears no reason why Plaintiffs would need to depose a high-ranking official regarding the proffered reason . . . instead of simply obtaining [documents] and questioning a Rule 30(b)(6) witness about them if necessary").

Senator Warren's and Secretary Buttigieg's declarations affirm that they do not have unique knowledge relevant to this case. (Exs. **1** and **2**). As the sworn statements set out, Senator Warren and Secretary Buttigieg's 2020 presidential campaign staff

were, with the Senator and the Secretary's respective authorizations, primarily responsible for drafting and publishing the Tweets at issue in the first instance. (*Id.*)"[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries" and "[d]iscovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978) (internal quotations and citations omitted). "The mere filing of a civil action does not entitle a party to engage in unfettered discovery." *Gomez v. Empower "U", Inc.*, Case No. 17-CV-22633, 2017 WL 4919224, at *3 (S.D. Fla. Oct. 31, 2017). "The party seeking discovery may only obtain information directly relevant to the claims at issue." *People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things*, *Inc.*, Case No. 8:16-CV-2899-T-36AAS, 2017 WL 4410111, at *5 (M.D. Fla. Oct. 4, 2017). Here, there is little relevant information that Senator Warren and Secretary Buttigieg possess that Plaintiff could not obtain from alternative sources or (as discussed below) less burdensome forms of discovery.

Protective orders are not at all uncommon under circumstances such as these. For example, judges serving in the Middle District of Florida have regularly granted orders to protect government officials from depositions. *Asberry*, 2019 WL 12383128, at *1 (granting motion for protective order to prevent deposition of school superintendent); *Davis on behalf of J.D.D. v. Carroll*, No. 8:16-cv-0998-T-35MAP, 2017 WL 11151858, *2 (M.D. Fla. July 24, 2017) (Secretary of the Florida Department of Children and Family); *Vidovic v. City of Tampa*, No. 8:16-CV-714-T-17AAS, 2017 WL 10294804, *1 (M.D. Fla. Mar. 3, 2017) (city mayor); *Slone v. Judd*, No. 8:09-cv-1175-

T-27TGW, 2011 WL 1584421, *1 (M.D. Fla. Apr. 26, 2011) (county sheriff); *Rocker v. Sheriff of Marion Cnty.*, *Fla.*, No. 5:07-cv-465-OC-10GRJ, 2008 WL 11434586, *2 (M.D. Fla. Oct. 14, 2008) (same), *objections overruled*, No. 5:07-cv-465-OC-10GRJ, 2008 WL 11449341 (M.D. Fla. Nov. 25, 2008). And courts have similarly granted orders protecting high-ranking or government witnesses from deposition, even when they are a defendant in the action. The standard is still that "a litigant seeking to depose a high-ranking official – *even if that official is a party* – must show that the official has first-hand information that pertains to material issues in the case and that this information is not otherwise available." *Davis*, 2017 WL 11151858, at *2 (emphasis added) (granting protective order for state Secretary of DCF); *see also Rocker v. City Of Ocala*, *Fla.,* 355 F. App'x 312, 315 (11th Cir. 2009) (affirming protective order for deposition of defendant); *Yarbrough v. Morgan*, No. 3:13CV613/MCR/EMT, 2015 WL 13656987, at *2 (N.D. Fla. Aug. 4, 2015) (concluding that the plaintiff has failed to show a special need for sheriff's deposition, even though he is a party).

**B.  In the alternative, the Court should enter a protective order limiting any discovery directed at Senator Warren and Secretary Buttigieg, absent a showing by Plaintiff that such discovery is insufficient.**

Alternatively, and as Defendants offered Plaintiff in an attempt to avoid the need for motion practice, any discovery directed specifically to Secretary Buttigieg and Senator Warren should proceed through interrogatories, rather than through live testimony. Courts have held that it is appropriate to require written discovery first, and for the party seeking discovery to show such written discovery to be insufficient, before courts will order depositions of high-ranking officials. *Celentano v. Nocco*, No. 8:15-CV-

1461-T-30AAS, 2016 WL 4943939, at *3 (M.D. Fla. Sept. 16, 2016) (granting protective order and holding that before deposing a high-ranking corporate official, a party should explore other avenues of discovery, such as interrogatories or deposing lower-level employees with more direct knowledge of the subject matter). Here, written discovery will be sufficient to provide Plaintiff with information he seeks while limiting the burden on Senator Warren and Secretary Buttigieg, two high-level federal officials. *See Yarbrough*, 2015 WL 13656987, at *2 (cancelling deposition and ordering plaintiff to pursue discovery through other means, including potentially written deposition questions); *Nw. Soc. & Civic Club, Inc. v. City of Atlanta, Ga.*, No. 1:04-CV-1360-BBM, 2005 WL 8154814, at *2 (N.D. Ga. Feb. 10, 2005) (same); *Argo Sys. FZE v. Liberty Ins. PTE, Ltd.*, No. CIV.A. 04-00321-CGB, 2005 WL 1355060, at *4 (S.D. Ala. June 7, 2005) (written depositions sufficient to balance interests).

### C. If nothing else, the Court should enter a protective order curtailing the scope of any depositions of Senator Warren and Secretary Buttigieg and requiring confidentiality.

If this Court concludes that Plaintiff is entitled to take these depositions, then Senator Warren and Secretary Buttigieg respectfully request that the Court also order the following protections, most of which Plaintiff's counsel offered in the first instance. First, Senator Warren and Secretary Buttigieg ask that the depositions be capped at one hour. That amount of time should be sufficient to cover the narrow matters at issue and respect Senator Warren's and Secretary Buttigieg's time as government officials. Second, Senator Warren and Secretary Buttigieg request that the subject matter of the deposition be limited strictly to the Tweets, Trayvon Martin, and George

Zimmerman—the topics of the lawsuit. Plaintiff should not be able to use these depositions as a fishing expedition into other matters. Third, Senator Warren and Secretary Buttigieg ask that the deposition materials be kept confidential and not publicly disclosed or disseminated, and that they be used only for purposes of this litigation.  And should the filing of the depositions become necessary, Defendants request that such filing only be under seal pursuant to a requisite showing under Local Rule 1.11.

Defendants attempted to facilitate a confidentiality agreement between the parties, but Plaintiff refused to engage. *See United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Litigants should not be discouraged from putting their discovery agreements in writing, and district judges should not be discouraged from facilitating voluntary discovery"); *see also* Local Rule 3.01(g). Plaintiff's unwillingness to engage at all in a discussion of confidentiality suggests that Plaintiff's motives for the deposition are not related this litigation but instead are meant to harass or exploit Defendants. Indeed, Plaintiff has a history of monetizing controversies, including attempting to auction off the gun he used to shoot Trayvon Martin for thousands of dollars. *See, e.g.*, Richard Luscombe, *George Zimmerman sells gun used to kill Trayvon Martin on auction site*, The Guardian (May 18, 2016, 1:24 PM), https://www.theguardian.com/us-news/2016/may/18/george-zimmerman-sells-gun-trayvon-martin; *see also* Alexander Abad-Santos, *George Zimmerman Spent His Trayvon Kickstarter, So His Lawyers Want You to Pay Them*, The Atlantic (May 29 2013), https://www.theatlantic.com/national/archive/2013/05/george-zimmerman-

defense-fund/314785/ (soliciting donations used for living expenses following shooting Martin). Plaintiff's refusal to agree to a simple stipulation and confidentiality agreement — standard features of litigation—suggests that he hopes to use clips of Defendants' testimony for his gain. Many "courts have imposed restrictions on the release of videotaped depositions for good cause shown." *Forrest v. Citi Residential Lending, Inc.*, 73 So. 3d 269, 278 (Fla. 2d DCA 2011).[3]

Plaintiff's counsel has referred to this matter as a "very public case." But a "litigant has no First Amendment right of access to information made available only for purposes of trying his suit." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984). As noted by the United States Supreme Court in *Seattle Times Co.*, "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Id.* at 33. Discovery rules are "a matter of legislative grace," and "[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Id.* at 32. Over time, "[as] pretrial processes have been enormously expanded, it has never occurred to anyone,

---

[3] *Forrest* cites the following cases to support its point: *Stern v. Cosby*, 529 F. Supp. 2d 417, 423 (S.D.N.Y. 2007) (prohibiting the release of the video or transcript of the defendant's deposition, including excerpts, portions, or copies thereof, to the public absent further order of the court); *Baker v. Buffenbarger*, No. 03–C–5443, 2004 WL 2124787, at *4 (N.D. Ill. Sept. 22, 2004) (limiting the use of the defendants' videotaped deposition testimony to purposes directly related to settlement and trial preparation in the case and prohibiting the dissemination of the depositions prior to trial); *Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349-50 (S.D.N.Y. 1999) (imposing restrictions on the copying, storage, and dissemination of the video deposition of Prince, the well-known rock artist); *Seaman v. Wyckoff Heights Med. Ctr., Inc.*, 8 Misc. 3d 628, 798 N.Y.S.2d 866, 871, 873 (N.Y. Sup. Ct. 2005) (prohibiting dissemination of deposition and discovery materials to the press or any other persons except attorneys of record and imposing monetary sanctions on attorneys who delivered the only copy of the videotaped deposition of the president and chief executive officer of the defendant to persons associated with the television program, *A Current Affair*), *aff'd,* 25 A.D.3d 598, 806 N.Y.S.2d 888 (N.Y. App. Div. 2006), *pet. for rev. dismissed,* 857 N.E.2d 1139 (2006).

so far as I am aware, that a ***pretrial deposition*** or pretrial interrogatories were other than wholly private to the litigants." *Gannett Co. v. DePasquale*, 443 U.S. at 396 (Burger, C.J., concurring), *cited with approval in Seattle Times Co. v. Rhinehart*, 467 U.S. at 33 (emphasis added); *see also Tillman v. C.R. Bard, Inc.*, 297 F.R.D. 660, 662–63 (M.D. Fla. 2014) ("Even assuming some limited right to disseminate information obtained in discovery, the Supreme Court has made clear that such right is subject to Rule 26(c)'s good cause standard."). Courts generally should not permit public access to discovery materials that are not filed with substantive motions because discovery is "essentially a private process" meant to "assist trial preparation." *Anderson*, 799 F.2d at 1441. As one Middle District of Florida opinion framed it,

> The Supreme Court has recognized that, despite liberal rules of discovery, "[i]t does not necessarily follow . . . that a litigant has an unrestrained right to disseminate information that has been obtained through pretrial discovery." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31 (1984). And, there exists here the potential for discovery abuse. *Id.* at 35 (characterizing disseminating information that "if publicly released could be damaging to reputation and privacy" as an "abuse of [a court's] processes").

*3B Med., Inc. v. ResMed Corp.*, No. 8:15-CV-546-T-23TBM, 2016 WL 9527960, at *2 (M.D. Fla. Sept. 15, 2016). Indeed, "[v]ideotaped depositions are permitted to facilitate the presentation of evidence to juries; they are not intended to provide 'a vehicle for generating content for broadcast and other media.'" *Stern*, 529 F. Supp. 2d at 422–23 (quoting *Paisley Park*, 54 F. Supp. 2d at 349).

This Court should follow many others and order any deposition transcripts and recordings be kept confidential.[4] This is not a case where Plaintiff has agreed to use the deposition and any transcript or recording only in connection with the litigation; indeed Plaintiff has refused to enter into a confidentiality agreement. *Cf. Robinson v. De Niro*, No. 19-CV-9156 (KHP), 2022 WL 274664, at *2 (S.D.N.Y. Jan. 26, 2022) (denying protective order when confidentiality agreement in place to ensure "Plaintiff may not republish the deposition transcript or video in any manner."). As a such, if the Court does order depositions to proceed, a protective order is necessary to preserve the confidentiality of any deposition recordings or transcripts.

## III.  Conclusion

For the foregoing reasons, Defendants Senator Warren and Secretary Buttigieg respectfully ask that this Court grant their motion for protective order.

---

[4] *See Burgess v. Wallingford*, No. 3:11–CV–1129, 2012 WL 4344194, at *14 (D. Conn. Sept. 21, 2012) (holding that audio recordings of deposition could be used solely by parties to prepare for trial, no party was allowed to publish or disseminate recordings without prior permission of court); *Larson v. Am. Fam. Mut. Ins. Co.*, No. 06–cv–01355, 2007 WL 622214, at *2 (D. Colo. Feb. 23, 2007) ("video depositions taken in this case may not be used for any purpose unrelated to this lawsuit, unless that portion of the deposition is admitted at trial into evidence and is, therefore, properly a part of the public record"); *Margiotta v. City of Gloversville*, No. 607CV0560DNHGHL, 2008 WL 11505863, at *4 (N.D.N.Y. Aug. 11, 2008) ("the parties and counsel are not to disseminate deposition transcripts, videotapes of depositions"); *Lopez v. CSX Transp., Inc.*, No. CIV.A. 3:14-257, 2015 WL 3756343, at *7 (W.D. Pa. June 16, 2015) ("recordings of the depositions shall be used solely for the purpose of the instant litigation and shall not be disseminated to individuals or sources not involved in the present litigation"); *Barket v. Clark*, No. 2:12–cv–00393, 2013 WL 647507, at *3–4 (D. Nev. Feb. 21, 2013) ("good cause exists for entry of a protective order that precludes either party from publicly disseminating, on the internet or otherwise, the depositions of the parties taken in this action"); *ZeniMax Media, Inc. v. Oculus VR, LLC*, No. 3:14-CV-1849-K (BF), 2016 WL 11430477, at *2 (N.D. Tex. June 2, 2016) ("The Court finds that there is no need to subject [deponent] to any embarrassment or annoyance associated with public scrutiny of the deposition materials").

Filed: April 5, 2022

Respectfully submitted,

/s/ *Frederick S. Wermuth*

Frederick S. Wermuth
Florida Bar No.: 0184111
**KING, BLACKWELL, ZEHNDER
   & WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

Marc E. Elias*
**ELIAS LAW GROUP LLP**
10 G Street, Suite 600
Washington, DC 20002
Tel.: (202) 968-4490
MElias@elias.law

William B. Stafford*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Tel.: (206) 656-0176
BStafford@elias.law

* *Admitted pro hac vice*

*Attorneys for Defendants*

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that Defendants attempted to confer in good faith with Plaintiff's counsel about this discovery dispute via emails, telephone calls, and one in-person meeting since February. Plaintiff's counsel opposes this motion.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No.: 0184111

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, I filed a copy of the foregoing Defendants'

Motion for Protective Order with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No.: 0184111

*Attorney for Defendants*